UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMIE W. COOK,

    Plaintiff,

v.                                                  No.: 3:07-cv-404
                                                        (VARLAN/SHIRLEY)

BILL BIVENS, LARRY LYNN,
BUTCH McKONKEY, ROBBY BELCHER,
CODY YATES, LARRY PRESSLEY,
CRAIG KENNEDY, PAT WILSON,
TRENT PROCK, EDWARD MANNING,
JULIA PORTER, and
MONROE COUNTY SHERIFF'S DEPT.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action, with the exception of Trent Prock and the Monroe County Sheriff's Department. Plaintiff makes no factual allegations whatsoever against Trent Prock and he is **DISMISSED** as a defendant. The Monroe County

Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is also **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983).

The plaintiff is **ORDERED** to complete the service packets for the remaining defendants and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the court, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is an inmate in Monroe County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee

37902, 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Monroe County, Tennessee, and the county attorney for Monroe County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE